# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ROBERT L. MYER, )
)
             Petitioner/Plaintiff, )
)
v. ) No. 05-0718-MC-W-DW
)
AMERICO LIFE, INC., )
)
             Respondent/Defendant. )

## ORDER

Before the Court is Defendant Americo Life, Inc.'s ("Americo") Motion to Dismiss or, Alternatively, to Transfer (Doc. 4). Americo seeks to dismiss the Motion to Vacate Arbitration Award (Doc. 1) filed by Plaintiff Robert L. Myer ("Myer") in favor of a previously filed proceeding in Texas state court to confirm the arbitration award. Alternatively, Americo seeks to transfer this cause of action to the United States District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1404(a). Because the Court finds that adequate grounds exist for its abstention under the Colorado River doctrine, the motion to dismiss is granted.

I.    Background

The parties in this action engaged in a business transaction in 1998, whereby Myer sold several Texas-based companies to Americo. The governing contracts contained clauses requiring the arbitration of any disputes relating to the transaction in Dallas, Texas. During 2004, the parties agreed to an arbitration panel to settle Americo's claimed violations of certain nonsolicitation and noncompetition provisions contained in one of the contracts. The arbitration hearing was held in Dallas, Texas during March and April 2005. On June 8, 2005, the arbitration panel issued its award in favor of Americo. At noon on August 11, 2005, Americo filed its petition to confirm the

arbitration award in state court in Dallas, Texas. Later that same day, after receiving notice of Americo's petition, Myer filed this action seeking to vacate the arbitration award.

II.     Abstention

Americo argues that this Court should dismiss this action under the Colorado River abstention doctrine. Colorado River abstention recognizes that a federal court has the discretion to avoid duplicative litigation of a matter more properly decided in a parallel litigation[1] in a state court. See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). The policies of wise judicial administration underlie the doctrine and include consideration of judicial resources and comprehensive disposition of litigation. Federated Rural Elec. Corp. v. Ark. Elec. Coops., Inc., 48 F.3d 294, 297-98 (8th Cir. 1995).

Whether a federal court should abstain from hearing a matter is a matter in the court's discretion. See Dominium Austin Partners, LLC v. Emerson, 249 F.3d 720, 727 (8th Cir. 2001) (observing, in a Colorado River abstention case, that decisions on possible abstention are reviewed for abuse of discretion). In considering this request to abstain, the Court is mindful of its "virtually unflagging obligation" to exercise its jurisdiction. Colorado River, 424 U.S. at 817. The Court is also aware that the potential for conflict, standing alone, does not justify its declining to exercise jurisdiction. Federated Rural Elec. Corp., 48 F.3d at 297. Accordingly, this Court "may abstain in order to conserve federal judicial resources only in exceptional circumstances." Id.

Determination of the existence of exceptional circumstances involves the evaluation of the

---

[1] There is little guidance in the Eighth Circuit as to what constitutes "parallel" litigation. See Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc, 188 F. Supp. 2d 1102, 1111-12 (N.D. Iowa 2002). Despite this lack of a clear standard, the Court finds that two mirror-image proceedings whose orientation is determined solely by who initiates the cause of action constitutes the prototypical "parallel litigation" under any standard. See, e.g., Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988) ("A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.").

2

so-called Colorado River factors: (1) whether either action involves *in rem* jurisdiction; (2) whether the federal forum is convenient; (3) whether piecemeal litigation can be avoided; (4) whether the state or federal court first obtained jurisdiction; (5) whether the claims are governed by state or federal law; and (6) whether the state forum will adequately protect the parties' rights. Colorado River, 424 U.S. at 818 (factors one through four); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 13-26 (adding factors five and six). The Court has considered each factor and after a "careful balancing of the important factors in [this] case" finds that abstention is appropriate. See Moses H. Cone, 460 U.S. at 16 (cautioning that "[t]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case").

Factor one is not at issue and therefore weighs in favor of retention. Plaintiff Myers seeks relief under federal law so factor five also weighs marginally in favor of retention.[2] However, factors four and six combine to weigh in favor of abstention because the state court will be able to completely adjudicate the final status of the arbitration award and Plaintiff will be able to argue to vacate in that court. Additionally, although convenience, factor two, is not a weighty factor in the analysis, the Court finds that a court located in Dallas is in closer proximity to the focus of judicial review under 9 U.S.C. § 10—the conduct of the arbitrators[3] in Dallas. As such, this factor weighs in favor of abstention. Finally, factor three, the most important factor, weighs in favor of abstention.

---

[2] The Court does not give this factor significant weight because under the Arbitration Act concurrent state and federal jurisdiction exists to confirm and vacate arbitration awards. Because state courts routinely review these awards under the Act, the applicability of federal law does not militate strongly for federal jurisdiction in this case.

[3] Defendant has also argued that the attorneys for both parties are located in Texas, the plaintiff is a resident of Texas, the conduct at issue occurred in Texas, and that the judgment will have to be executed in Texas. The Court agrees that these facts tend to weigh in favor of abstention when combined with the facts discussed herein.

Allowing two courts to conduct identical proceedings to adjudicate the identical dispute is a textbook example of the inefficient use of judicial resources and it exposes the parties to potentially conflicting determinations.

Finally, the Court notes an additional aspect of this analysis not specifically included as a factor: whether the federal or state suit is filed as for a vexatious, reactive or tactical reason. See Moses H. Cone, 460 U.S. at 17. The Court suspects that Myer's choice of a remote federal forum is motivated by forum-shopping and this weighs in favor of declining jurisdiction. Myer is of course free to cross move to vacate in the state court proceeding. But to deal now with his motion to vacate would defeat the concurrent jurisdiction of the state court.

Because the Court finds justification to abstain in this case and grant Defendant's motion to dismiss, there is no need to address Defendant's alternative argument to transfer the case to the United State District Court for the Central District of Texas pursuant to 28 U.S.C. § 1404.

III.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. Accordingly, Plaintiff's action to vacate the June 8, 2005 arbitration award is dismissed without prejudice.

IT IS SO ORDERED.

    /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:   November 8, 2005